UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE W. CARRILLO,<br><br>Plaintiff,<br><br>-v-<br><br>FRAZIER E. SHELTON et al.,<br><br>Defendants. | 26-CV-5771 (JMF)<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

JESSE M. FURMAN, United States District Judge:

On July 8, 2026, this action was removed from the Supreme Court of New York, Queens County by Defendants Frazier E. Shelton, Watkins and Romano LLC, and Ryder Truck Rental, Inc. *See* ECF No. 1 ("Notice of Removal"), ¶ 1. Defendants acknowledge that the Notice of Removal was "filed in the incorrect federal district" but request that the Court transfer this action to the Eastern District of New York, rather than remand it to the state court, pursuant to 28 U.S.C. § 1406(a). ECF No. 8, at 2. Plaintiff Jose W. Carrillo opposes transfer and requests the Court remand the case instead. *See* ECF No. 9, at 3.

Defendants' request for a transfer to the Eastern District of New York is hereby DENIED. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division *in which it could have been brought*." 28 U.S.C. § 1406(a) (emphasis added). But it does not appear that this case, in its current form, could have been brought in the Eastern District of New York. That is because: (1) the Notice of Removal alleges only Watkins & Romano LLC's place of business, *see* Notice of Removal ¶ 5, but it is

well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens, and a complaint must accordingly allege the citizenship of all natural persons and corporate entities who are members of an LLC, *see Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); and (2) the Notice of Removal alleges only the residency (and not the citizenship) of Carrillo and Shelton, *see* Notice of Removal ¶¶ 3-4, but, for the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

"Remand is appropriate where jurisdiction is doubtful," *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986), and is especially warranted where, as here, the allegations in the Notice of Removal appear insufficient to support subject-matter jurisdiction in the Eastern District of New York. Accordingly, it is hereby ORDERED that this action is REMANDED to the Supreme Court of New York, Queens County.

The Clerk of Court is directed to remand this case and to close the case on this Court's docket.

SO ORDERED.

Dated: July 21, 2026
New York, New York

JESSE M. FURMAN
United States District Judge